CASE NO. 23-3466

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**UNITED STATES OF AMERICA,**
*Plaintiff-Appellee,*

v.

**TYREN CERVENAK,**
*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

_____

**BRIEF OF APPELLANT TYREN CERVENAK**

_____

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928

CATHERINE ADINARO SHUSKY
Ohio Bar: 0088731
Office of the Federal Public Defender
1660 W. 2nd Street, Suite 750
Cleveland, Ohio 44113
(216) 522-4856
cathi_shusky@fd.org

*Counsel for Defendant-Appellant Tyren Cervenak*

# TABLE OF CONTENTS

Table of Authorities ........................................................................... ii

Statement Regarding Oral Argument ...................................................v

Jurisdictional Statement ....................................................................1

Issue Presented for Review ...............................................................2

Statement of the Case and Facts .......................................................3

Summary of Argument ......................................................................6

Argument............................................................................................8

I.      Mr. Cervenak's prior Ohio robbery is not a crime of violence under the guidelines...............................................................................8

        A.      Standard of Review ......................................................8

        B.      Mr. Cervenak's robbery conviction is not a crime of violence under the force clause.............................................8

        C.      Mr. Cervenak's robbery does not qualify as a crime of violence under the enumerated-offenses clause ................10

Conclusion   ....................................................................................18

Certificate of Service and Conformity.................................................20

Designation of District Court Documents .............................................21

# TABLE OF AUTHORITIES

## CASES

*Borden v. United States*, 141 S. Ct. 1817 (2021)...........................................8, 9, 10

*Borden v. United States*, No. 19-5410, n.3 (U.S. June 8, 2020), *available at*:
    2020 WL 4455245 ...................................................................................13, 14

*Descamps v. United States*, 570 U.S. 254 (2013) .....................................................12

*Mathis v. United States*, 579 U.S. 500 (2016) ..........................................................12

*Moncrieffe v. Holder*, 569 U.S. 184 (2013) ........................................................17, 18

*Shepard v. United States*, 544 U.S. 13 (2005) ...................................................*passim*

*Taylor v. United States*, 495 U.S. 575 (1990)....................................................11, 12

*United States v. Beard*, No. 22-3398, 2023 WL 4230048
    (6th Cir. May 22, 2023).......................................................................*passim*

*United States v. Butts*, 40 F.4th 766 (6th Cir. 2022).........................................*passim*

*United States v. Carter*, 69 F.4th 361 (6th Cir. 2023) ......................................16, 17

*United States v. De Jesus Ventura*, 565 F.3d 870 (D.C. Cir. 2009) ........................11

*United States v. Marrero*, 743 F.3d 389 (3rd Cir. 2014), *cert. denied*,
    574 U.S. 1081, *abrogated on other grounds by Johnson v. United*
    *States*, 576 U.S. 591 (2015)...........................................................................12

*United States v. McCollum*, 885 F.3d 300 (4th Cir. 2018) ...............................11, 12

*United States v. Porter*, Sixth Cir. No. 22-3529, Dkt. 46-1 (
    May 22, 2023)...................................................................................5, 14, 16

*United States v. Rangel-Castaneda*, 709 F.3d 373 (4th Cir. 2013) ........................12

*United States v. Rede-Mendez*, 680 F.3d 552 (6th Cir. 2012) ...........................11, 12

*United States v. Taylor*, 142 S. Ct. 2015 (2022) ........................................................17

*United States v. White*, 58 F.4th 889 (6th Cir. 2023) ............................................15

*United States v. Wilson*, 978 F.3d 990 (6th Cir. 2020) ..........................9, 14, 16, 17

## FEDERAL STATUTES

18 U.S.C. § 922 ...........................................................................................................3

18 U.S.C. § 924 ...........................................................................................................3

18 U.S.C. § 3231 ..........................................................................................................1

18 U.S.C. § 3742 ..........................................................................................................1

21 U.S.C. § 841 ........................................................................................................3, 11

26 U.S.C. § 5845 ........................................................................................................11

28 U.S.C. § 1291 ..........................................................................................................1

## STATE STATUTES

Ohio Rev. Code (O.R.C.) § 2911.02(A)(2) ......................................................*passim*

Ohio Rev. Code (O.R.C.) § 2913.01 ................................................................*passim*

Ohio Rev. Code (O.R.C.) § 2913.02 .....................................................................10

Ohio Rev. Code (O.R.C.) § 2913.02(A) ...............................................................16

Ohio Rev. Code (O.R.C.) § 2913.34 .....................................................................18

Ohio Rev. Code (O.R.C.) § 2913.45 .....................................................................18

Ohio Rev. Code (O.R.C.) § 2913.47 .....................................................................18

Ohio Rev. Code (O.R.C.) § 2913.48........................................................18

**UNITED STATES SENTENCE GUIDELINES**

U.S.S.G. § 4B1.2.....................................................................*passim*

**RULES**

FED. R. APP. P. 34.......................................................................v

6TH CIR. R. 34 ..........................................................................v

**ADDITIONAL AUTHORITY**

1 LaFave § 20.3(e), Model Penal Code § 222.1 .......................................13

## STATEMENT REGARDING ORAL ARGUMENT

Appellant Tyren Cervenak requests oral argument under Sixth Circuit Rule 34(a)(1) and Federal Rule of Appellate Procedure 34(a). Oral argument will significantly aid this Court in its decisional process.

# JURISDICTIONAL STATEMENT

The United States District Court for the Northern District of Ohio had original jurisdiction under 18 U.S.C. § 3231, which gives district court's original and exclusive jurisdiction over federal crimes. On August 11, 2022, Tyren Cervenak pled guilty to two counts of distribution of a controlled substance and one count of being a felon in possession of a firearm. (R. 55: Plea Hrg. Tr., PageID 299); On May 8, 2023, the district court sentenced Mr. Cervenak to 188 months in prison. The court's judgment was docketed on May 17, 2023. (R. 42: Judgment, PageID 171-172).

On May 24, 2023, Mr. Cervenak filed a timely notice of appeal. (R. 45: Notice of Appeal, PageID 192). This Court has jurisdiction over Mr. Cervenak's appeal under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

# ISSUES PRESENTED FOR REVIEW

I.      A prior conviction may qualify as a crime of violence under the guidelines if it has elements that are the same as, or narrower than, generic robbery. The definition of generic robbery includes a mens rea of more than recklessness. Mr. Cervenak's robbery conviction lacked any mens rea. Did the district court err in finding Mr. Cervenak's robbery conviction had the same or narrower elements than generic robbery and therefore qualified as a crime of violence under the guidelines?

II.     Extortion is defined as obtaining something of value from another by wrongfully using force, fear of physical injury, or threat of physical injury. Ohio robbery relates to conduct during the commission of a theft offense. Ohio defines theft offense broadly to include 31 different theft statute, not all of which require obtaining something of value from another. Are the elements of extortion and robbery a categorical mismatch thereby prohibiting robbery from qualifying as a crime of violence through the enumerated offense of extortion?

## STATEMENT OF THE CASE AND FACTS

On May 11, 2022, an indictment was filed charging Tyren Cervenak with two counts of distribution of controlled substances, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2). (R. 19: Indictment, PageID 55-56). Mr. Cervenak pled guilty to the indictment without a written plea agreement. (R. 55: Plea Hrg. Tr., PageID 289-299).

A presentence investigation report ("PSR") was prepared and concluded Mr. Cervenak was a career offender under U.S.S.G. § 4B1.2 because of he had two qualifying predicate offenses. Specifically, the PSR found Mr. Cervenak's prior convictions for robbery and drug trafficking made him a career offender. The career offender enhancement significantly increased Mr. Cervenak's guideline's range. (R. 30: PSR, PageID 106-107). Mr. Cervenak's non-career offender guideline range is 77-to-96, while his career offender range is 151-to-188. (R. 32: Cervenak Sent. Memo, PageID 133-138; R. 30: PSR, PageID 106-107, 119).

Mr. Cervenak objected to the PSR's conclusion that his prior robbery conviction was a qualifying crime of violence conviction under the guidelines and asked for a sentence within the non-career offender guidelines range. (R. 32: Cervenak Sent. Memo, PageID 133-139). The government argued Mr. Cervenak's prior robbery conviction fell within the generic definition of robbery and therefore

qualified as a crime of violence under the enumerated-offenses clause. (R. 33: Govt. Sent. Memo, PageID 154-160). The parties moved to continue Mr. Cervenak's sentencing hearing because *United States v. Beard*, Sixth Cir. No. 22-3398, was pending in the Sixth Circuit and had raised the issue of whether Ohio's aggravated robbery qualified as generic robbery. (R. 34: Motion to Continue, PageID 161-162; R. 36: Status Report, PageID 164-165).

The district court went forward with sentencing on May 8, 2023. (R. 53: Sent. Hrg. Tr., PageID 248-277). At the sentencing hearing, the court overruled Mr. Cervenak's objection to his career offender classification and relied entirely on the reasons that it said would be set out in a written order. (R. 53: Sent. Hrg. Tr., PageID 250). The court found Mr. Cervenak's guideline range to be 151-to-188 months, (R. 53: Sent. Hrg. Tr., PageID 252), and imposed a sentence at 188 months, (R. 53: Sent. Hrg. Tr., PageID 273; R. 42: Judgment, PageID 172).

On May 17, 2023, the Court issued a written order finding Mr. Cervenak's prior robbery conviction did not meet the definition of a crime of violence under the force clause based on binding circuit precedent. (R. 44: Order, PageID 189). The Court, however, found his robbery conviction did qualify as a crime of violence under the enumerated offense clause because Ohio's robbery statute is "consistent with a small minority of states and the Model Penal Code." (R. 44: Order, PageID 190-191). On May 22, 2023, this Court held in two separate cases that Ohio's

aggravated robbery statute did not meet the definition of generic robbery. *United States v. Beard*, No. 22-3398, 2023 WL 4230048 (6th Cir. May 22, 2023); *United States v. Porter*, Sixth Cir. No. 22-3529, Dkt. 46-1 (May 22, 2023).

Mr. Cervenak now appeals and challenges the determination that his prior conviction for robbery qualifies as a crime of violence under U.S.S.G. § 4B1.2.

# SUMMARY OF ARGUMENT

The district court correctly found that binding circuit precedent precludes Mr. Cervenak's prior robbery conviction from qualifying as a crime of violence under the force clause. The district court, however, erred in finding Mr. Cervenak's robbery was a crime of violence because it met the generic definition of robbery.

Generic robbery is defined by surveying how the crime is described across jurisdictions, as well as consulting sources such as the Model Penal Code. Where state law yields a broad consensus, they establish the generic definition. A survey of state robbery statutes shows that most states require a mens rea of more than recklessness, with a majority requiring purposefulness.

Ohio's robbery statute is an outlier and contains no mens rea. This Court has previously held that Ohio's robbery statute is twice divisible. Once by the particular subsection in the robbery statute and then by the particular underlying theft offense. Ohio's robbery statute itself does not contain a mens rea. However, the mens rea for the particular theft offense may be considered. In this case, Mr. Cervenak's *Shepard* documents do not specify any particular theft offense. The documents instead cite to the general theft statute, which includes 31 different and broadly defined theft offenses. Because Mr. Cervenak's *Shepard* documents do not show a mens rea of more than recklessness, his conviction is broader than generic robbery.

Mr. Cervenak's prior robbery conviction also does not qualify as a crime of violence through the guideline's definition of extortion. Extortion is defined as obtaining something of value from another, by wrongfully using force, fear of physical injury, or threat of physical injury. Without any particular theft offense specified, this Court must consider the minimum conduct criminalized by *any* of them. Not all of the theft offenses listed in the Ohio statute require obtaining something of value from another. For this reason, Mr. Cervenak's prior robbery conviction is a categorical mismatch to the guideline's definition of extortion.

**ARGUMENT**

I.     **Mr. Cervenak's prior robbery conviction is not a crime of violence under the guidelines.**

      **A. Standard of Review.**

Whether a prior conviction constitutes a crime of violence under the guidelines is a question of law that is reviewed by this Court de novo. *See United States v. Beard*, Sixth Cir. No. 22-3398, Dkt. 38-2 (May 22, 2023) (quoting *United States v. Butts*, 40 F.4th 766, 770 (6th Cir. 2022)).

      **B. Mr. Cervenak's robbery conviction is not a crime of violence under the force clause.**

The United States Sentencing Commission's Guidelines Manual ("U.S.S.G.") defines a crime of violence in two ways. The first, commonly referred to as the force or elements clause, defines a crime of violence as an offense punishable by imprisonment for a term exceeding one year that "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1). The Supreme Court has recently clarified that for an offense to be a force clause offense, the force element must have a mens rea of at least purposeful or knowing. *Borden v. United States*, 141 S. Ct. 1817 (2021).

Following the Supreme Court's decision in *Borden*, this Court examined Ohio's robbery statute in *United States v. Butts*, 40 F.4th 766 (6th Cir. 2022), and held Ohio's robbery statute "does not indicate the state of mind a defendant must

have to inflict, attempt to inflict, or threaten to inflict physical harm." *Butts*, 40 F.4th at 770. "Without a state of mind linked to the physical injury element of a § 2911.02(A)(2) conviction, [courts] must ask whether a theft offense underlying the conviction necessarily involved knowing or purposeful use, attempted use, or threatened use of physical force against the person of another." *Id*. at 771 (internal citations omitted). If the predicate theft offense does not require the knowing or purposeful use, attempted use, or threatened use of physical force against the person of another, the offense is not a crime of violence under the force clause of U.S.S.G. § 4B1.2(a). *Id*.

Ohio's robbery statute, § 2911.02(C)(2), defines a "theft offense" by referring to § 2913.01, which in turn lists more than 31 different theft offenses. *Butts*, 40 F.4th at 771 (citing *United States v. Wilson*, 978 F.3d 990, 995–96 (6th Cir. 2020)). And because the theft element is divisible, courts must look to the defendant's *Shepard* documents to determine the predicate theft offense for the defendant's conviction. *Butts*, 40 F.4th at 771. Once the particular theft offense is identified, the court must "then ask whether that theft conviction could involve the reckless use, attempted use, or threatened use of force against the person of another." *Id*. If the force could be done recklessly or negligently, the offense cannot qualify as a crime of violence under the force clause. *Id*. *Borden*, 141 S. Ct. at 1825-1828.

In *Butts*, his *Shepard* documents identified Ohio Revised Code § 2913.02 as the underlying theft offense to his robbery conviction. *Id*. at 771-772. Section 2913.02 is one of the 31 theft offenses listed in § 2913.01. After reviewing Ohio State case law, this Court found there was a "realistic probability . . . that [Ohio] would apply its statute to conduct that falls outside the post-*Borden* definition of a crime of violence." *Id*. at 773 (internal quotations and citations omitted). This Court "therefore conclude that an Ohio Revised Code § 2911.02(A)(2) robbery conviction—at least one predicated on an unspecified § 2913.02 theft offense—is not a crime of violence under the elements clause of § 4B1.2(a) of the Guidelines." *Id*. at 773.

Similarly, Mr. Cervenak's *Shepard* documents do not specify a particular predicate theft offense. (R. 32-1: Cuyahoga County Rcds, PageID 141-142). In fact, Mr. Cervenak's *Shepard* documents cover many more theft offenses than was at issue in *Butts*. Mr. Cervenak's documents do not narrow the theft offense to § 2913.02 and therefore include all of the 31 theft offenses listed in § 2913.01. Given Mr. Cervenak's prior robbery conviction was not predicated on any particular theft offense, the district court correctly held *Butts* "has foreclosed any argument that a robbery conviction under 2911.02(A)(2) can satisfy the force/elements clause." (R. 44: Order, PageID 189).

## C. Mr. Cervenak's robbery does not qualify as a crime of violence under the enumerated-offenses clause.

The second way the United States Sentencing Commission's Guidelines Manual defines a crime of violence is referred to as the enumerated-offenses clause. Relevant to this appeal, the enumerated-offenses clause defines a crime of violence as an offense punishable by imprisonment for a term exceeding one year that "is . . . robbery, [or] extortion . . ." U.S.S.G. § 4B1.2(a)(2).[1]

A prior conviction does not automatically qualify as a crime of violence just because it has the same name as one of the enumerated offenses. *United States v. Rede-Mendez*, 680 F.3d 552, 556 (6th Cir. 2012) (citing *Taylor v. United States*, 495 U.S. 575, 588-89 (1990)). "Rather, the offense for which the defendant was convicted must fall within the generic definition of [the enumerated offense], which is found by surveying how the crime is described across jurisdictions, as well as consulting sources such as the Model Penal Code." *Id.* (citing *Taylor*, 495 U.S. at 598 & n. 8).

Where state law yields a consensus, they establish the generic definition. *See United States v. McCollum*, 885 F.3d 300, 307-08 (4th Cir. 2018); *see United States*

---

[1] The full enumerated-offenses clause is defined as an offense punishable by more than one year in prison that is "murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c)."

*v. De Jesus Ventura*, 565 F.3d 870, 876-77 (D.C. Cir. 2009). *See also Rede-Mendez*, 680 F.3d at 556 (citing *Taylor*, 495 U.S. at 598, n. 8). Although there is no hard and fast rule, several courts of appeals have held that an agreement of more than 30 states is sufficient proof of a consensus. *See McCollum*, 885 F.3d at 308 (finding "that the definition adopted by thirty-two states, the federal government, and the District of Columbia established a 'broad consensus' sufficient to establish the generic, contemporary definition of a crime."); *United States v. Rangel-Castaneda*, 709 F.3d 373, 377-78 (4th Cir. 2013) (same); *United States v. Marrero*, 743 F.3d 389, 400 n.4 (3rd Cir. 2014), *cert. denied* 574 U.S. 1081, *abrogated on other grounds by Johnson v. United States*, 576 U.S. 591 (2015) (finding 30 states established a consensus).

Once the generic definition of the crime is established, the Court then applies the categorical approach and assesses whether the elements of the prior conviction "are the same as, or narrower than, those of the generic offense" listed in the enumerated-offenses clause.[2] *Descamps v. United States*, 570 U.S. 254, 257 (2013). "[I]f the crime of conviction covers any more conduct than the generic offense" then

---

[2] If the statute of the prior conviction is divisible the modified categorical approach applies to identify the elements. Under the modified categorical approach, the court may "consult a limited class of documents ... to determine which alternative [element] formed the basis of the defendant's prior conviction." *Descamps v. United States*, 570 U.S. 254, 257 (2013); *see also Shepard v. United States*, 544 U.S. 13, 26 (2005). These documents are commonly referred to as *Shepard* documents. Once the elements of conviction are identified, the courts then use the categorical approach for the remaining analysis.

the predicate crime is not an enumerated crime even if the defendant's actual conduct "fits within the generic offense's boundaries." *Mathis v. United States*, 579 U.S. 500, 504 (2016).

### i. Mr. Cervenak's robbery does not qualify as generic robbery.

Generic robbery requires a mens rea of more than recklessness, but Ohio's robbery statute does not. Because Ohio's robbery statute is broader than generic robbery, it does not qualify as a crime of violence under the enumerated offense of robbery.

Generic robbery requires more than recklessness. "[T]he robbery statutes in a majority of states require a mens rea of more than recklessness, with a majority requiring purposefulness. *See* Brief for the United States, *Borden v. United States*, No. 19-5410, n.3 (U.S. June 8, 2020), *available at* 2020 WL 4455245 *18 (surveying minority of states which require a mens rea of recklessness); *see also* 1 LaFave § 20.3(e) Model Penal Code § 222.1; *id.*, Comment at 114 (1980) ('When injury is actually inflicted, even though recklessly, the willingness of the actor to expose the victim to serious harm is sufficiently demonstrated.')." *Beard*, No. 22-3398, 2023 WL 4230048, at *3.

Ohio robbery does not require more than recklessness. There can be no dispute that Ohio's robbery statute (O.R.C. § 2911.02(A)(2)) does not, on its face, "indicate

the state of mind a defendant must have to inflict, attempt to inflict, or threaten to inflict physical harm." *Butts*, 40 F.4th at 770. This Court in *Butts* found:

> The Ohio Supreme Court has given this omission maximum effect in *State v. Tolliver*, 140 Ohio St.3d 420, 19 N.E.3d 870, 875 (2014). Because "[§] 2911.02(A) predicates every robbery on the elements of a completed or an attempted 'theft offense,'" the court held that the mens rea for the underlying theft offense specifies the mens rea that the state must prove to convict a person of robbery. *Id.* at 874. But that does not mean that Ohio imputes the mens rea for the theft offense to any of § 2911.02's subdivisions. Quite the opposite; *Tolliver* held that the state does not need to prove a mens rea for § 2911.02(A)(3)'s force element at all. *Id.* at 874–75. Although *Tolliver* analyzed convictions under § (A)(3) rather than § (A)(2) of § 2911.02, it made clear that its reasoning applies equally to all of § 2911.02's subdivisions. *Id.* Under that reasoning, if a defendant inflicts physical harm while committing a theft in Ohio, the defendant commits robbery, even if the harm was inflicted without a mens rea.

*Butts*, 40 F.4th at 770–71. Because there is no mens rea "linked to the physical injury element of a § 2911.02(A)(2) conviction," the court must look to the specific underlying theft offense to determine if it supplies the requisite knowingly or purposeful use, attempted use, or threatened use of physical force against the person of another." *Id*. at 771.

Mr. Cervenak's *Shepard* documents do not reflect any particular theft offense. (*See* R. 32-1: Cuyahoga County Rcds, PageID 141-142). His charging documents simply list a "theft offense," which is defined in O.R.C. § 2913.01 and includes more than 31 different theft offenses covering a broad range of conduct. *Wilson*, 978 F.3d at 995-996. This Court has held that Ohio's aggravated robbery is broader than the

generic definition of robbery because it lacks any mens rea as to the force element. *Beard*, No. 22-3398, 2023 WL 4230048; *United States v. Porter*, Sixth Cir. No. 22-3529, Dkt. 46-1 (May 22, 2023). Although these cases are unreported and specifically address aggravated robbery, the reasoning is equally appliable to the robbery statute and should control here.

Just like Ohio's aggravated robbery, Ohio's robbery statute is an outliner among the state robbery statutes because it contains <u>no</u> mens rea. *See Butts*, 40 F.4th at 770; *United States v. White*, 58 F.4th 889, 899 (6th Cir. 2023). "[T]he robbery statutes in a majority of states require a mens rea of more than recklessness, with a majority requiring purposefulness." *Beard*, No. 22-3398, 2023 WL 4230048, at *3 (citing *Borden v. United States*, Supreme Court Case No. 19-5410, Brief of the United States, 2020 WL 4455245 at 18, fn. 3 (June 8, 2020)). This Court has not had to reach the issue of "whether the generic form of robbery encompasses a recklessness or purposefulness mens rea [because] either way the Ohio statute criminalizes more conduct than generic robbery." *Beard*, No. 22-3398, 2023 WL 4230048, at *4.

Just as in *Beard*, Mr. Cervenak's *Shepard* documents do not specify a particular theft offense. Without a particular underlying theft offense, his prior conviction contains no mens rea whatsoever as to the element of force. *See Butts*, 40 F.4th at 770; *Beard*, No. 22-3398, 2023 WL 4230048, at *4 (citing *White*, 58 F.4th

at 899). The lack of mens rea makes Mr. Cervenak's prior conviction broader than generic robbery.

Mr. Cervenak concedes that if his *Shepard* documents had specified a particular theft offense the analysis would be different. The Court would then have to look at the mens rea of the underlying theft offense and determine if that particular mens rea fell within the scope of generic robbery. The Court need not address this difficult question here. Consistent with *Beard* and *Porter*, this Court should hold that Ohio's robbery, when there is no particular underlying theft offense detailed in the *Shepard* documents, does not match the generic definition of robbery because it lacks any mens rea as to the force element. *See Beard*, No. 22-3398, 2023 WL 4230048; *Porter*, Sixth Cir. No. 22-3529, Dkt. 46-1.

### ii. Mr. Cervenak's robbery does not qualify as extortion.

In *United States v. Carter*, 69 F.4th 361 (6th Cir. 2023), a panel of this Court held Ohio Robbery under Ohio Revised Code § 2911.02(A)(2), predicated on an Ohio Revised Code § 2913.02(A) theft offense, was a crime of violence because it was a categorical match to the guideline's definition of extortion. Because Mr. Cervenak's *Shepard* documents do not specify any particular underlying theft offense, *Carter* is inapplicable.

In a published opinion in 2020, this Court held Ohio's aggravated robbery statute is twice divisible. *Wilson*, 978 F.3d at 999. It is first divisible by the various

subsections. It is then divisible by the underlying theft offense. *Id.* at 993-999. In 2022, this Court applied the same twice divisible analysis to Ohio's robbery statute. *Butts*, 40 F.4th at 771. The analysis, detailed in *Wilson* and *Butts*, is controlling.

In this particular case, Mr. Cervenak's *Shepard* documents do not reflect any particular theft offense underlying his robbery conviction. (*See* R. 32-1: Cuyahoga County Rcds, PageID 141-142). Instead, his charging documents only list a "theft offense." A theft offense is defined in Section 2913.01, which in turn lists more than 31 theft offenses. *Wilson*, 978 F.3d at 995-996. "Those thirty-one crimes cover a broad range of conduct: robbery, burglary, securing writing by deception, theft by threat, identity theft, safecracking, and tampering with coin machines, just to name a few." *Wilson*, 978 F.3d at 995-996. Because Mr. Cervenak's *Shepard* documents do not specify a particular theft offense, this Court "must consider the "minimum conduct criminalized" by any of them. *See Wilson*, 978 F.3d at 996 (quoting *Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013)).

Considering all the possible predicate theft offenses, Mr. Cervenak's robbery is a categorical mismatch to the definition of extortion in the guidelines.[3] "Under the Guidelines, extortion is obtaining something of value from another, by wrongfully

---

[3] The Court's task here is to compare the elements of the extortion definition with the elements of Mr. Cervenak's robbery conviction. Mr. Cervenak does not have the burden of "present[ing] evidence about how his crime of conviction is normally committed or usually prosecuted." *See United States v. Taylor*, 142 S. Ct. 2015, 2024 (2022).

using force, fear of physical injury, or threat of physical injury." *Carter*, 69 F.4th at 363 (internal citations and quotations omitted). Several theft offenses included in O.R.C. § 2913.01 involve a fraudulent statement and do not require obtaining property from another. *See*, *e.g.*, O.R.C. § 2913.47 (prohibits presenting a false statement in support of application for insurance); O.R.C. § 2913.48 (prohibits concealing document necessary to determine validity of workers' compensation claim); O.R.C. § 2913.45 (prohibits concealing property or failure to disclose assets for the purposes of defrauding creditors); O.R.C. § 2913.34 (prohibits using counterfeit marks in connection with the manufacturing of goods or services). Because Mr. Cervenak's *Shepard* documents do not establish the elements of his robbery conviction are the same as or narrower than the guideline's definition of extortion, his prior robbery conviction is not a crime of violence under the guidelines. *See Moncrieffe*, 569 U.S. at 191.

## CONCLUSION

Mr. Cervenak requests this Court vacate his sentence and remand the case for resentencing.

Respectfully submitted,

*/s/ Catherine Adinaro Shusky*
CATHERINE ADINARO SHUSKY
Ohio Bar: 0088731
Office of the Federal Public Defender
1660 W. 2nd Street, Suite 750
Cleveland, Ohio 44113

Phone: (216) 522-4856
Fax: (216) 522-4321
cathi_shusky@fd.org

Attorney for Tyren Cervenak

**CERTIFICATE OF SERVICE AND CONFORMITY**

1.　　I certify that on October 3, 2023, a copy of Appellant Tyren Cervenak Opening Brief was filed electronically.　Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

2.　　This brief complies with the 13,000 type-volume limitation of Fed. R. App. P. 32(a)(7)(B) as this brief contains 3,877 words in proportionally spaced font, Times New Roman, excluding the parts exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

　　　　　　　　*/s/ Catherine Adinaro Shusky*
　　　　　　　　CATHERINE ADINARO SHUSKY

　　　　　　　　Attorney for Tyren Cervenak

## DESIGNATION OF DISTRICT COURT DOCUMENTS

Under Sixth Circuit Rules 28(b)(1)(A) and 30(g)(1), Appellant Tyren Cervenak

designates the following relevant district court documents:

| Record Entry # | Document Description | Page ID ## |
|---|---|---|
| 19 | Indictment | 55-57 |
| 30 | Presentence Investigation Report | 101-126 |
| 32 | Cervenak Sentencing Memorandum | 133-139 |
| 32-1 | Cuyahoga County Records | 140-153 |
| 33 | Government Sentencing Memorandum | 154-160 |
| 34 | Motion to Continue | 161-162 |
| 36 | Status Report | 164-165 |
| 42 | Judgment | 171-177 |
| 44 | Order | 189-191 |
| 45 | Notice of Appeal | 192 |
| 53 | Sentencing Hearing Transcript | 248-277 |
| 55 | Plea Hearing Transcript | 284-301 |