CASE NO. 23-3466

IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

---

**UNITED STATES OF AMERICA,**

*Plaintiff-Appellee,*

- vs -

**TYREN L. CERVENAK,**

*Defendant-Appellant,*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

---

**APPELLANT TYREN CERVENAK'S PETITION FOR
REHEARING EN BANC**

---

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928

CATHERINE ADINARO SHUSKY
Attorney at Law
Ohio Bar: 0088731
Office of the Federal Public Defender
1660 W.2nd Street, Suite 750
Cleveland, Ohio 44113
Phone: 216-522-4856
Fax: 216- 522-4321
cathi_shusky@fd.org
*Counsel for Defendant-Appellant Tyren Cervenak*

## TABLE OF CONTENTS

Table of Authorities ................................................................ iii

Statement in Support of Petition for Rehearing En Banc ......................................... 1

Argument ................................................................................ 2

A.   A rehearing en banc should be granted to settle this Court's conflicting published opinions on how a federal court may define an unspecified theft element of a prior Ohio robbery conviction ........................................... 3

B.   Alternatively, this Court should certify the question to the Supreme Court of Ohio ........................................................................ 11

Conclusion ............................................................................. 13

Certificate of Compliance ............................................................. 14

Certificate of Service ................................................................ 14

Attachment A
    Opinion. *United States v. Cervenak*, No. 23-3466, April 26, 2024 ............... A

# TABLE OF AUTHORITIES

**Federal Cases**

*Borden v. United States*, 593 U.S. 420 (2021)............................................................2

*Descamps v. United States*, 570 U.S. 254 2013) .......................................................3

*Eiswert v. United States*, 619 F. App'x 483 (6th Cir. 2015) ...................................12

*Lehman Bros v. Schein*, 416 U.S. 386 (1974)............................................................11

*Mathis v. United States*, 579 U.S. 500 (2016) .......................................................3, 4

*Moncrieffe v. Holder*, 569 U.S. 184 (2013)..........................................................2, 11

*Shepard v. United States*, 544 U.S. 13 (2005) ................................................ *passim*

*Taylor v. United States*, 495 U.S. 575 (1990)............................................................3

*United States v. Anglin*, 601 F.3d 523 (6th Cir. 2010) ............................................10

*United States v. Burris*, 912 F.3d 386 (6th Cir. 2019)........................................2, 10

*United States v. Butts*, 40 F.4th 766 (6th Cir. 2022)..............................................4, 5

*United States v. Carter*, 69 F.4th 361 (6th Cir. 2023), *cert. denied*,
    144 S. Ct. 612 (2024).................................................................................1, 3

*United States v. Cervenak*, Case No.23-3466 (6th Cir. April 26, 2024) ..................5

*United States v. Ivy*, 93 F.4th 937 (6th Cir. 2024)............................................*passim*

*United States v. Taylor*, 596 Us. 845 (2022) ...................................................6, 7, 10

*United States v. White*, 58 F.4th 889 (6th Cir. 2023)................................................5

*United States v. Wilson*, 978 F.3d 990 (6th Cir. 2020)......................................4, 6, 9

**State Cases**

*Arizonans for Official English v. Arizona*, 520 U.S. 43 (1997)..............................12

*Renteria-Villegas v. Metro. Gov't of Nashville & Davidson Cty.*,
     382 S.W. 3d, 318 (Tenn 2012) ......................................................12

*State v. Green*, 2004-Ohio-3697 (Ohio Ct. App. 2004)..............................................8

*State v. Johnson*, 2012-Ohio-2325, (Ohio Ct. App. 2012) ....................................7, 8

*State v. McCloud*, 2018-Ohio-3291 (Ohio Ct. App. 2018)........................................8

*State v. Pullen*, 2015-Ohio-522, (Ohio Ct. App. 2015) ...............................................

**State Statutes**

Ohio Rev. Code § 2911.02(C)(2)........................................................................6

Ohio Rev. Code § 2913.01(k) ...............................................................4, 6, 9, 11

Ohio Rev. Code § 2913.02 ................................................................................6

Ohio Rev. Code § 2913.02(A) ...................................................................*passim*

**Rules**

FED. R. APP. P. 35...............................................................................................1

Ohio Sup. Ct. Prac. R. 9.01A ...........................................................................12

**Additional Citations**

2 *Ohio Jury Instructions* CR 511.02 (2024) ...................................................8

## STATEMENT IN SUPPORT OF REHEARING EN BANC

Tyren Cervenak requests rehearing en banc because the majority's opinion conflicts with published opinions from this Court and is inconsistent with United States Supreme Court precedent. *See* Fed. R. App. P. 35(a)(1), (b)(1)(A).

A majority of the panel in this case held that a federal court may assume a missing element of a prior state offense when there is no evidence of that element in the available *Shepard* documents. More specifically, the majority held that when a "theft offense" element of a prior Ohio robbery conviction is not identified in the available *Shepard* documents, the federal court may assume the "theft offense" element supporting the conviction is Ohio Rev. Code § 2913.02(A). (Att. A: Panel Opinion, pp. 9-11). The majority held it was bound by *United States v. Carter*, 69 F.4th 361 (6th Cir. 2023), *cert. denied*, 144 S. Ct. 612 (2024), which made the same assumption.

There is no support in law for a federal court assuming an element of a prior state conviction. *Carter* and the majority opinion in this case are inconsistent with prior published opinions by this Court and the United States Supreme Court. Alexander Ivy had a prior Ohio robbery conviction, and the available *Shepard* documents did not specify the "theft offense" element. *United States v. Ivy*, 93 F.4th 937, 943 (6th Cir. 2024). The Court did not assume the missing element. Instead, it held that precedent required it to presume the conviction "rested upon nothing more than the

1

least of the acts criminalized by Ohio law." *Id*. (citing *United States v. Burris*, 912 F.3d 386, 406 (6th Cir. 2019) (en banc) (quoting *Moncrieffe v. Holder*, 569 U.S. 184, 190–91 (2013)) (internal quotations omitted).

The least-culpable analysis conducted by the Court in *Ivy* is consistent with United States Supreme Court precedent. *See Moncrieffe*, 569 U.S. at 190–19 ("Because we examine what the state conviction necessarily involved, not the facts underlying the case, we must presume that the conviction rested upon nothing more than the least of the acts criminalized"). *See also Borden v. United States*, 593 U.S. 420, 441–42 (2021) (same). Because the majority opinion in this case conflicts with published opinions from this Court and the United States Supreme Court, a rehearing by the full Court is necessary to secure and maintain uniformity of the Court's decisions.

# ARGUMENT

**A.    A rehearing en banc should be granted to settle this Court's conflicting published opinions on how a federal court may define an unspecified theft element of a prior Ohio robbery conviction.**

A majority of the panel in this case held, consistent with *United States v. Carter*, 69 F.4th 361 (6th Cir. 2023), *cert. denied*, 144 S. Ct. 612 (2024), that a federal court may assume a missing element of a prior state offense when there is no evidence of that element in the available *Shepard* documents. In inserting its own element, the majority rejected the well-established requirement for courts to consider the least culpable, alternative element in the statute when comparing a prior conviction to a generic offense. The majority's opinion conflicts with Sixth Circuit and United States Supreme Court precedent.

When determining whether a prior conviction meets the definition of a generic offense settled law requires the court to first identify the elements of the prior conviction. *See Taylor v. United States*, 495 U.S. 575, 588, 600 (1990) (ACCA enhancement is "triggered by crimes having certain specified *elements*" and the court may only look to the statutory definition of the prior offense, not the particular facts underlying the conviction) (emphasis added). If the statute is divisible —meaning it sets out one or more elements of the offense in the alternative —the court must apply the modified categorical approach to identify the particular elements that formed the basis of the prior conviction. *Descamps v. United States*, 570 U.S. 254,

257 (2013); *Mathis v. United States*, 579 U.S. 500, 505 (2016). Under the modified categorical approach, a court looks to "a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Mathis*, 579 U.S. at 505-506. These documents are commonly called *Shepard* documents. *See Shepard v. United States*, 544 U.S. 13 (2005). After the elements of the offense are identified, the "court can then do what the categorical approach demands: compare the elements of the crime of conviction (including the alternative element used in the case) with the elements of the generic crime." *Id*.

There is no dispute that Ohio's robbery statute, like Ohio's aggravated robbery statute, is twice divisible. *See United States v. Wilson*, 978 F.3d 990 (6th Cir. 2020) (holding Ohio's aggravated robbery statute is twice divisible, first by subsection and then by the particular theft offense); *United States v. Butts*, 40 F.4th 766 (6th Cir. 2022) (holding Ohio's robbery statute is similarly twice divisible). It is also undisputed that the predicate "theft offense" element has been defined by the Ohio Legislature in Ohio Rev. Code § 2913.01(k) to include "thirty-one crimes cover[ing] a broad range of conduct: robbery, burglary, securing writing by deception, theft by threat, identity theft, safecracking, and tampering with coin machines, just to name a few." *Wilson*, 978 F.3d at 995-996.

This Court is split on whether federal courts may assume a predicate theft offense, an element of Ohio robbery, when one is not identified in the available *Shepard* documents. The majority here says yes. Other published opinions from this Court say no. *Compare United States v. Cervenak*, (Att. A: Panel Opinion, pp. 9-11) (assuming predicate theft offense was Ohio Rev. Code § 2913.02(A) despite that element not being found in the *Shepard* documents), *with United States v. Ivy*, 93 F.4th 937, 943 (6th Cir. 2024) (where the *Shepard* documents do not make clear under which theft offense the defendant was convicted, the court must presume the conviction rested upon the least culpable, alternative element in the statute); *Butts*, 40 F.4th 766 (same in analyzing the force clause); *United States v. White*, 58 F.4th 889 (6th Cir. 2023) (same in analyzing Ohio aggravated robbery under the armed career criminal act). Nothing in the law supports the federal courts choosing one of thirty-one alternative elements when the *Shepard* documents do not specify which alternative element was used to support the prior conviction.

The majority in this case acknowledges that the least culpable offense permitted by the statute's plain text would "not categorically match extortion" but concludes the Ohio courts do not follow the plain text of the statute. (Att. A: Panel Opinion, p. 9). The  majority's "reading of Ohio caselaw suggests that when a defendant's indictment does not list a specific theft offense, the 'regular practice' of Ohio courts is to require that the state prove the defendant committed 'theft' under

5

section 2913.02(A)." (Att. A: Panel Opinion, p. 9). The majority's reliance on what it concludes is the "regular practice" of Ohio courts is flawed for at least two important reasons: it ignores the plain text of the statute and assumes the cases reviewed are indicative of all charged robberies in the state.

First, the majority ignores the plain text of the statute. The Ohio Legislature, not the Ohio State Courts, define crimes in Ohio. The Ohio Legislature defined "theft offense" in Ohio's robbery statute to have the "same meaning as in section 2913.01 of the Revised Code." Ohio Rev. Code § 2911.02(C)(2). Section 2913.01(k) defines "theft offense" as including thirty-one different crimes. Ohio Rev. Code § 2913.01(k); *see also Wilson*, 978 F.3d at 995-996; *Ivy*, 93 F.4th at 947. Despite having the ability to do so, the Ohio Legislature did *not* define "theft offense" in Ohio's robbery statute to only include "theft" as defined in § 2913.02. The majority's assumption that only § 2913.02(A) can satisfy the theft offense element when the *Shepard* documents are silent cannot be squared with the plain text of the statute.

Second, the intermediate Ohio appellate court cases cited by the majority do not support the conclusion that all Ohio robbery cases are the same. The reality is most cases, like Mr. Cervenak's, are resolved based on negotiated pleas. *United States v. Taylor*, 596 U.S. 845, 857 (2022). According to the Ohio Prosecuting Attorneys Association, about "90 percent of all criminal convictions are the result of

6

negotiated pleas."[1] Many of the cases resolved by a plea do not "make their way into easily accessible commercial databases." *Taylor*, 596 U.S. at 857. Moreover, if the defendant concludes he committed any one of the thirty-one listed theft offenses, he may not care if the state court specifically finds which theft offense he committed.

The majority concludes that Ohio courts "assume that the state must show there was sufficient evidence of 2913.02(A) theft –not just any one of the thirty-one theft offenses." (Att. A: Panel Opinion, p. 10). Although the cases cited involved theft under § 2913.02(A) as the predicate offense, they do not support the proposition that § 2913.02(A) is the only possible predicate theft offense when one is not listed in the *Shepard* documents.

*State v. Pullen*, 2015-Ohio-552, (Ohio Ct. App. 2015), was a trial where there was no dispute that the predicate theft offense was theft under § 2913.02(A). On appeal, Pullen argued the trial court erred by refusing to give the lesser-included jury instruction of theft. *Pullen*, 2015-Ohio-552, ¶ 2. *State v. Johnson*, 2012-Ohio-2325, (Ohio Ct. App. 2012), was a trial where there was no dispute that the predicate theft offense was theft under § 2913.02(A). On appeal, Johnson argued his conviction

---

[1]https://www.ohiopa.org/pleaagreements.html#:~:text=Esti-mates%20vary%2C%20but%20most%20legal,the%20result%20of%20negotiated%20pleas.

7

could not stand because there was no evidence he used force in the commission of the theft. *Johnson*, 2012-Ohio-2325, ¶ 9. *State v. McCloud*, 2018-Ohio-3291, (Ohio Ct. App. 2018), was a trial where there was no dispute that the state was alleging the predicate theft offense was theft under § 2913.02(A). On appeal, McCloud argued there was insufficient evidence that a theft occurred because the alleged victim could not remember how much money he had and that the evidence did not show McCloud caused the victim harm. *McCloud*, 2018-Ohio-3291, ¶ 11. *State v. Green*, 2004-Ohio-3697, (Ohio Ct. App. 2004), was a trial where there was no dispute that the state was alleging the predicate theft offense was theft under § 2913.02(A). On appeal, Green argued he did not commit a theft offense because he failed in taking any money from the victim. The court found a completed theft was not required by the statute. *Green*, 2004-Ohio-3697, ¶ 10. These cases do not support the conclusion that "Ohio appellate courts typically assume" an unspecified theft offense is § 2913.02(A). Those cases only show that § 2913.02(A) was the theft offense at issue in those cases.

The majority also concludes the Ohio jury instructions support the presumption that § 2913.02(A) is the applicable theft offense. (Att. A: Panel Opinion, p. 10). The pattern jury instructions in Ohio support no such conclusion. *See* 2 OJI CR 511.02 (2024). The pattern jury instruction for robbery reads:

> 1. The defendant is charged with robbery. Before you can find the defendant guilty, you must find beyond a reasonable doubt that on or

about the _____ day of _____, 20__, and in _____ (County) (*other ju-risdiction*), Ohio, the defendant, in (committing) (attempting to commit) (fleeing immediately after [committing] [attempting to commit]) the offense of (*insert name of applicable theft offense under R.C. 2913.01[K]*),

. . .

2. UNDERLYING THEFT OFFENSE. Before you can find that the defendant was (committing) (attempting to commit) the offense of (*insert name of applicable theft offense under R.C. 2913.01[K]*), you must find beyond a reasonable doubt that the defendant (*describe each element of applicable theft offense*).

Ohio's pattern jury instruction follows the plain text of the robbery statute and demonstrates that the predicate theft offense could be any one of the thirty-one different theft offenses detained in Ohio Rev. Code § 2913.01(k). *See Wilson*, 978 F.3d at 995-996; *Ivy*, 93 F.4th at 943. Ohio's pattern jury instruction cannot be reconciled with the majority's assumption that the theft offense must be § 2913.02(A), if not otherwise specified in the available *Shepard* documents.

Mr. Cervenak does not dispute that some Ohio robbery convictions are predicated on a theft offense as defined in Ohio Rev. Code § 2913.02(A). Most Ohio robbery convictions may even have a § 2913.02(A) theft offense predicate. But that is not the question before this Court. The question is whether an Ohio robbery conviction, without a specified theft offense in the *Shepard* documents, could *only* have a § 2913.02(A) predicate to satisfy the theft offense element. There has been no such

9

holding by any court in Ohio. Additionally, any such interpretation would be inconsistent with the plain text of the statute and Ohio's pattern jury instructions.

The majority suggests an assumption of the theft element is appropriate because there is no recent Ohio case "in which an appellate court upheld a conviction of robbery with an unspecified predicate theft offense by assuming the predicate was something other than 2913.02(A) theft." (Att. A: Panel Opinion, p. 11). Yet, that is not Cervenak's burden, and the United States Supreme Court has cautioned "placing a burden on the defendant to present empirical evidence about the government's own prosecuting habits." *Taylor*, 596 U.S. at 857. With most cases resolving in pleas, and with the majority of defendants who plead not filing an appeal, it is unreasonable to task the defense with presenting such evidence. The Ohio Legislature has enacted a statute that, by its plain text, permits a conviction for robbery based on a wide range of predicate theft offenses. Moreover, it is the government's burden to show a prior conviction qualifies as a career offender predicate. *United States v. Anglin*, 601 F.3d 523, 530 (6th Cir. 2010). It is not Mr. Cervenak's burden to show that his prior conviction does not qualify.

This Court, in previously published opinions and in reliance upon United States Supreme Court precedent, has held that "if the *Shepard* documents in a particular case do not make clear [on] which [alternative element] a defendant was convicted, sentencing courts must 'presume that the conviction rested upon nothing

10

more than the least of the acts criminalized." *United States v. Burris*, 912 F.3d 386, 406 (6th Cir. 2019) (en banc) (quoting *Moncrieffe v. Holder*, 569 U.S. 184, 190–91 (2013)); *Ivy*, 93 F.4th at 943.

Federal courts have no basis to assume a particular theft element of Ohio robbery when the state legislature has included numerous alternative elements in the statute. Nothing in Ohio law supports the conclusion that every Ohio robbery conviction, without a specified theft offense in the available *Shepard* documents, could only have a § 2913.02(A) theft predicate. It was an error for the majority to assume otherwise.

## B.    Alternatively, this Court should certify the question to the Supreme Court of Ohio.

If this Court were not inclined to follow the plain text of the Ohio robbery statute and instead conclude only a subset of the theft offenses listed in Ohio Rev. Code § 2913.01(k) could supply the unnamed theft offense element in a robbery indictment, Mr. Cervenak requests this Court certify the question to the Supreme Court of Ohio. Because this Court must look to Ohio's interpretation of the statute and because the highest court in Ohio has not weighed in on this issue, the prudent course of action would be to seek guidance from the Ohio Supreme Court.

Federal courts are authorized to certify questions to a state supreme court. *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974). Certification is an effective tool

in our federal system because it prevents federal courts from having to make state law and it "promotes judicial efficiency and comity and also protects [the] state's sovereignty." *Eiswert v. United States*, 619 F. App'x 483, 486 (6th Cir. 2015) (quoting *Renteria-Villegas v. Metro. Gov't of Nashville & Davidson Cty.*, 382 S.W.3d 318, 320 (Tenn. 2012)). The United States Supreme Court supports certification of novel or unsettled questions of state law. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 79 (1997)). "Certification saves time, energy, and resources and helps build a cooperative judicial federalism." *Id.*, 520 U.S. at 46.

The Supreme Court of Ohio Practice Rule 9.01(A) permits the Court to answer a question of law certified to it by a court of the United States. This rule is invoked if the certifying court, in a proceeding before it, issues a certification order finding there is a question of Ohio law that may be determinative of the proceeding and for which there is no controlling precedent in the decisions of the Supreme Court of Ohio. S.Ct.Prac.R. 9.01(A).

The question of whether Ohio courts assume a theft offense of only § 2913.02(A) when a robbery indictment does not list a specific predicate theft element is a question the Supreme Court of Ohio has not answered. It is a question that is within the exclusive purview of the state courts, not the federal courts. And the answer to this question is determinative in this proceeding and will resolve an intra-circuit split. *See Supra*.

12

If this Court were disinclined to follow the plain text of the statute or the pattern jury instructions, Mr. Cervenak respectfully requests this Court certify the question to the Supreme Court of Ohio for an answer.

## CONCLUSION

Tyren Cervenak asks this Court to grant a rehearing en banc and hold that federal courts may not assume the theft offense element of Ohio robbery when one is not specified in the available *Shepard* documents. Alternatively, Mr. Cervenak requests this Court certify the question to the Supreme Court of Ohio to clarify whether the state may only use § 2913.02(A) as the predicate theft offense when the indictment is silent on that element.

<div style="margin-left:40%">

Respectfully submitted,

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928

/s/ CATHERINE ADINARO SHUSKY
Attorney at Law
Ohio Bar: 0088731
Office of the Federal Public Defender
1660 W.2nd Street, Suite 750
Cleveland, Ohio 44113
Phone: 216-522-4856; Fax: 216- 522-4321
cathi_shusky@fd.org

</div>

## CERTIFICATE OF COMPLIANCE

I certify that this petition contains 2,966 words and thus complies with the 3,900-word limit in Federal Rule of Appellate Procedure 35(b)(2)(A).

/s/ CATHERINE ADINARO SHUSKY
Attorney at Law
Ohio Bar: 0088731

## CERTIFICATE OF SERVICE

I certify that on this 24th day of June, 2024, I filed *Tyren Cervenak's Petition for Rehearing En Banc* electronically with the Clerk of the United States Court of Appeals for the Sixth Circuit. The Court's ECF system will automatically generate and send by email a Notice of Docket Activity to all registered attorneys participating in this case.

/s/ CATHERINE ADINARO SHUSKY
Attorney at Law
Ohio Bar: 0088731