CASE NO. 23-3466

IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

_____

**UNITED STATES OF AMERICA,**

*Plaintiff-Appellee,*

- vs -

**TYREN L. CERVENAK,**

*Defendant-Appellant,*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

_____

**SUPPLEMENTAL REPLY BRIEF OF APPELLANT
TYREN CERVENAK**

_____

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928

CATHERINE ADINARO SHUSKY
Attorney at Law
Ohio Bar: 0088731
Office of the Federal Public Defender
1660 W.2nd Street, Suite 750
Cleveland, Ohio 44113
Phone: 216-522-4856
Fax: 216- 522-4321
cathi_shusky@fd.org

*Counsel for Defendant-Appellant Tyren Cervenak*

# TABLE OF CONTENTS

Table of Authorities .................................................................................... ii

Reply ......................................................................................................5

   I.    The Ohio Supreme Court has never held § 2913.02 is presumed to be the default predicate theft offense to robbery under § 2911.02 ......................1

        a.   The government misreads *State v. Smith*, 884 N.E.2d 595 (Ohio 2008)......................................................................................................1

   II.   The defendant does not need to show a case to identify the elements of a state statute .................................................................................4

   III.  An Ohio robbery conviction with no specified predicate theft offense does not meet the definition of guidelines extortion ......................................7

   IV.  An Ohio robbery conviction with no specified predicate theft offense is not generic robbery ..............................................................................9

   V.   This Court should decline to revisit aggravated robbery at this stage ..........10

Certificate of Service and Conformity..................................................................12

# TABLE OF AUTHORITIES

**<u>Federal Cases</u>**

*Descamps v. United States*, 570 U.S. 254 (2013).......................................................6

*Gonzales v. Duenas-Alvarez*, 549 U.S. 183 (2007) ...................................................4

*Mathis, v. United States*, 579 U.S. 500 (2016) ..........................................................6

*Moncrieffe v. Holder*, 569 U.S. 184 (2013)............................................................6, 7

*Ramos v. U.S. Atty. Gen.*, 709 F.3d 1066 (11th Cir. 2013) ....................................5, 6

*Shepard v. United States*, 544 U.S. 13 (2005) ..................................................2, 6, 7

*Swaby v. Yates*, 847 F.3d 62 (1st Cir. 2017) .......................................................5, 6, 7

*Taylor v. United States*, 495 U.S. 575 (1990) ...........................................................9

*United States v. Beard*, No. 22-3398, 2023 WL 4230048 (6th Cir.
    May 22, 2023) ........................................................................................................9

*United States v. Booker*, 543 U.S. 220 (2005) ...........................................................8

*United States v. Brown*, No. 22-3470, 2024 WL 778119 (6th Cir.
    Feb. 26, 2024) ..............................................................................................4, 8, 11

*United States v. Burris*, 912 F.3d 386 (6th Cir. 2019) (en banc) .............................7

*United States v. Butts*, 40 F.4th 766 (6th Cir. 2022)............................................9, 10

*United States v. Garth*, 965 F.3d 493 (6th Cir. 2020) ...............................................8

*United States v. Ivy*, 93 F.4th 937 (6th Cir. 2024)..........................................7, 10, 11

*United States v. Lara*, 590 F. App'x 574 (6th Cir. 2014) ......................................5, 6

*United States v. Rede-Mendez*, 680 F.3d 552 (6th Cir. 2012) ...................................9

*United States v. Titties*, 852 F.3d 1257 (10th Cir. 2017) ........................................5, 6

**State Cases**

*In re D.R.S.*, 2016 WL 3092083 (Ohio App. 8 Dist., June 2, 2016) ........................3

*In re L.M.*, 2012 WL 850078 (Ohio App. 9 Dist., Mar. 14, 2012) ......................3, 4

*State v. Catney*, 2017 WL 120596 (Ohio App. 8 Dist., Jan. 12, 2017) ...................3

*State v. Floyd*, 2012 WL 3201402 (Ohio App. 9 Dist., Aug. 8, 2012) ....................3

*State v. Griffin*, 2013 WL 494023 (Ohio App. 6 Dist., Feb. 8, 2013**)** ......................3

*State v. Smith*, 884 N.E.2d 595 (Ohio 2008) .......................................................1, 2

*State v. Secessions*, 965 N.E.2d 359 (Ohio App. 9 Dist., Nov. 23, 2011) ...............3

*State v. Singleton*, 2020 WL 2466913 (Ohio App. 9 Dist., May 13, 2020) .............3

**State Statutes**

Ohio Rev. Code Ann. § 2911.01(A)(1) ....................................................................10

Ohio Rev. Code Ann. § 2911.02..................................................................... 1, 4, 10

Ohio Rev. Code Ann. § 2911.02(A)(2) ................................................................9, 10

Ohio Rev. Code Ann. § 2911.02(C)(2)......................................................................3

Ohio Rev. Code Ann. § 2913.01(K) ..............................................................3, 4, 7, 8

Ohio Rev. Code Ann. § 2913.02......................................................................*passim*

Ohio Rev. Code Ann. § 2913.02(A) ..............................................................1, 3, 10

**<u>Additional Authority</u>**

1 Wayne R. LaFave, *Substantive Criminal Law* § 20.3(e) (3d ed. 2022)..................9

Brief for the United States, *Borden v. United States*, No. 19-5410, n.3
 (U.S. June 8, 2020), *available at* 2020 WL 4455245 *18...............................9

# REPLY

**I. The Ohio Supreme Court has never held § 2913.02 is presumed to be the default predicate theft offense to robbery under § 2911.02.**

The government misreads Ohio case law. The Ohio Supreme Court has never held that Ohio Rev. Code § 2913.02 is the only available theft offense to support a conviction for robbery when one is not specified in the charging document. And none of the lower court cases the government cites stretch that far. Because the Ohio Supreme Court has not spoken on this issue, this Court should certify the question to the state if it is inclined not to follow the plain text of the robbery statute. (*See* Dkt. 42: Suppl. Br., PageID 11-12).

    a. **The government misreads *State v. Smith*, 884 N.E.2d 595 (Ohio 2008).**

The government suggests "the Ohio Supreme Court unequivocally held in *State v. Smith*, 884 N.E.2d 595 (Ohio 2008), that Section 2911.02 robberies categorically involve either completed or attempted Section 2913.02(A) theft." (Dkt. 45: Govt. Supp. Br., PageID 21). This is false. *Smith* only held that "fifth-degree felony theft is a lesser included offense of robbery as statutorily defined in the alternative of robbery *by theft*, because it would be impossible to ever commit a robbery *by theft* without also committing a theft." *Smith*, 884 N.E.2d at 599. (emphasis added). As evidence by the indictment and the bill of particulars filed in *Smith*, the only issue before the Ohio Supreme Court was whether a § 2913.02 theft is a lesser included offense to robbery with a § 2913.02 predicate theft. (Dkt. 46-2: State Indictment and

1

State Response to Bill of Particulars). This lesser-included-offense of a charged predicate is not the issue before this Court. The question here is what § 2913.01(K) offense could be a predicate for robbery when no predicate theft offense is detailed any available *Shepard* document. *Smith* does not answer this question.

The issue presented to the Ohio Supreme Court for review in *Smith* was narrow. The Ohio Supreme Court only granted review of Ms. Smith's first proposition of law. (Ohio Supreme Court Case No. 2007-0268; 05/02/2007: Decision accepting appeal).[1] That proposition of law argued that § 2913.02 theft is not a lesser-included offense of robbery by theft because robbery could be committed with only an attempted theft, whereas § 2913.02 theft required a completed offense. (Ohio Supreme Court Case No. 2007-0268; 02/09/2007: Memorandum in Support of Jurisdiction). There was no dispute that Smith was charged with robbery with § 2913.02 theft as the predicate and that the evidence presented at trial related to § 2913.02 theft. (*See* Dkt. 46-2). The Ohio Supreme Court's analysis is limited to whether the charged § 2913.02 predicate theft is a lesser included of robbery by § 2913.02 theft. The narrow question before the Ohio Supreme Court and the analysis in the opinion does not

---

[1] The Ohio Supreme Court docket for Smith is available here https://www.supremecourt.ohio.gov/Clerk/ecms/#/caseinfo/2007/0268

2

support the government's reading that robberies without a charged theft offense could only be predicated on § 2913.02 theft.

The government cites a random group of lower court state cases to suggest Ohio courts use § 2913.02 theft as a default. (Dkt. 45: Govt. Suppl. Br., PageID 22-23). Ohio law does not support the government's position. There are equally as many state court cases that recognize § 2913.02 as only one of the many theft offenses that could serve as a predicate theft offense for robbery. *See, e.g.*, *In re D.R.S.*, 2016 WL 3092083, *4 (Ohio App. 8 Dist., June 2, 2016) ("Pursuant to R.C. 2911.02(C)(2), a violation of any of the theft statutes enumerated in R.C. 2913.01(K) can serve as the underlying 'theft offense' to a charge of robbery."); *State v. Catney*, 2017 WL 120596, at *5 (Ohio App. 8 Dist., Jan. 12, 2017) (same); *State v. Griffin*, 2013 WL 494023, at *5 (Ohio App. 6 Dist., Feb. 8, 2013) (same); *State v. Floyd*, 2012 WL 3201402, at *6 (Ohio App. 9 Dist., Aug. 8, 2012) ("The phrase 'theft offense' refers to any violation of the enumerated statutes set forth in R.C. 2913.01(K)."); *State v. Secessions*, 965 N.E.2d 359, 367 (Ohio App. 9 Dist., Nov. 23, 2011) ("Although many crimes qualify as '[t]heft offense[s],' the state alleged that Secessions violated R.C. 2913.02(A)(1). *See* R.C. 2913.01(K) (defining theft offense)"); *State v. Singleton*, 2020 WL 2466913, at *2 (Ohio App. 9 Dist., May 13, 2020) ("A 'theft offense' includes any of the multiple enumerated offenses listed in R.C. 2913.01(K)."); *In re*

3

*L.M.*, 2012 WL 850078, at *2 (Ohio App. 9 Dist., Mar. 14, 2012) ("A "theft offense" includes any of the multiple enumerated offenses listed in R.C. 2913.01(K)(1)-(4)").

No Ohio State case holds § 2911.02 robbery without a specified theft offense can only be predicated on § 2913.02 robbery. *See United States v. Brown*, No. 22-3470, 2024 WL 778119, at *3 (6th Cir. Feb. 26, 2024) (rejecting the government's argument that "when an indictment is silent about which form of robbery occurred, the Ohio courts assume that the traditional definition of theft—a taking of property—occurred" because there is no support "in Ohio case law for this default assumption.").

II. **The defendant does not need to show a case to identify the elements of a state statute.**

The government argues Cervenak's robbery conviction must be predicated on § 2913.02 theft because Cervenak has not shown "a realistic probability" that the state would charge robbery with some other predicate. (Dkt. 45: Govt. Suppl. Br., PageID 24-25). That is not Cervenak's burden. The government continues to conflate elements with conduct. The realistic probability requirement of *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007), does not apply here.

No court has ever held that the defendant must show a state case where the state charges alternative elements before federal courts may recognize it is a crime. This Court has found the defendant has no burden to show a state case when the

language of the statute is clear. In *United States v. Lara*, 590 F. App'x 574, 584 (6th Cir. 2014), this Court rejected the government's argument that Lara's inability to show a Tennessee case applying its burglary statute to an unattached, uninhabited structure automatically meant Lara could not show a "realistic probability" that the state would charge burglary in that way. *Id*. This Court held that even without a state case, "we should not ignore the plain meaning of the statute." *Id*.

Other circuit courts have agreed and found *Duenas-Alvarez* does not apply when the language of the state statute itself creates the "realistic probability" that a crime could be charged a particular way. *Ramos v. U.S. Atty. Gen.*, 709 F.3d 1066, 1071–72 (11th Cir. 2013) ("*Duenas–Alvarez* does not require [a realistic probability] showing when the statutory language itself, rather than 'the application of legal imagination' to that language, creates the 'realistic probability' that a state would apply the statute to conduct beyond the generic definition."). The Eleventh Circuit held the "statute's language [ ] creates the 'realistic probability' that it will punish crimes that do qualify as theft offenses and crimes that do not" and no further showing was required. *Id*. The First Circuit also rejected the application of *Duenas–Alvarez* in cases not dealing with "the potentially sweeping scope of ambiguous state law crimes." *Swaby v. Yates*, 847 F.3d 62, 66 (1st Cir. 2017). If the state statute clearly defines the offense, [n]othing in *Duenas–Alvarez* . . . indicates that this state law crime may be treated as if it is narrower than it plainly is." *Id*. *See also United States*

5

*v. Titties*, 852 F.3d 1257, 1274 (10th Cir. 2017) (rejecting the argument that the defendant must show a case where the state has charged an offense based on conduct that falls outside of the ACCA when the plain language of the statute by itself demonstrates it reaches more broadly).

Requiring a defendant to show a case where the state has charged a crime as permitted by state statute is inconsistent with the United States Supreme Court's instructions on how to apply the categorical and modified categorical approach. In applying the categorical approach, the courts look to "the state statute defining the crime of conviction." *Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013) (citing *Duenas-Alvarez*, 549 U.S. at 186). When the state statute sets out alternative elements, courts are instructed to consult a "limited class of documents" to identify the exact elements of the prior conviction. *Mathis, v. United States*, 579 U.S. 500, 505 (2016) (referring to *Shepard v. United States*, 544 U.S. 13 (2005)). When detailing the categorical/modified categorical approach, the United States Supreme Court has never held that a federal court must also consult state case law before it can identify a state statute's elements. The elements of a state statute are defined by the state legislature and federal courts may rely on the state statutes to identify the elements of an offense. *See, e.g., Lara*, 590 F. App'x 584; *Ramos*, 709 F.3d at 1071–72; *Swaby*, 847 F.3d at 66; *Titties*, 852 F.3d at 1274; *Descamps v. United States*, 570 U.S. 254, 261

(2013) ("courts may 'look only to the statutory definitions'—*i.e.,* the elements—of a defendant's prior offenses.").

The Ohio robbery statute by its plain text permits a robbery offense to be predicated on any number of theft offenses listed in § 2913.01(K). The state statute itself creates the "realistic probability" that a state would apply the statute in that way. Cervenak has no additional burden to show a case where the state has charged a defendant with any particular § 2913.01(K) theft offense. Nothing in *Duenas–Alvarez* permits this Court to treat the Ohio state law as if it is narrower than it plainly is. *See Swaby*, 847 F.3d at 66.

III. **An Ohio robbery conviction with no specified predicate theft offense does not meet the definition of guidelines extortion.**

The question before the Court is what theft offense element is required to support a conviction of robbery when none is specified in any *Shepard* documents. When an element is not specified courts must presume the conviction rested upon nothing more than the least culpable acts criminalized. *Moncrieffe*, 569 U.S. at 185; *United States v. Burris*, 912 F.3d 386, 406 (6th Cir. 2019). Because there are theft offenses listed in § 2913.01(K) that do not require obtaining something of value from another, robbery with no predicate theft offense is a categorical mismatch to extortion. *See United States v. Ivy*, 93 F.4th 937, 946-47 (6th Cir. 2024) (holding "[n]ot all the predicate theft offenses [in the same § 2913.01(k statute] require 'obtaining

7

something of value from another,' as required by the Guidelines definition of extortion."); *Brown*, No. 22-3470, 2024 WL 778119, at *2 (listing theft offenses in § 2913.01(K) that do not require taking property from another). Even the government concedes that not all theft offenses listed in § 2913.01(K) qualify as Guidelines extortion. (Dkt. 45: Govt. Suppl. Br., PageID 18 –citing to burglary or breaking-and-entering). Because there is no evidence that Mr. Cervenak's prior robbery conviction required obtaining something of value from another it does not meet the guidelines' definition of extortion.

The government's suggestion that robbery, even without obtaining something of value is still extortion under the guidelines because that element is "less crucial," is without merit. (Dkt. 45: Govt. Suppl. Br., PageID 27). First, nothing permits courts to decide what part of the Commission's definition it decides is "crucial" and which it does not. This would effectively result in various judges making their own definitions and would completely contravene the purpose of the Guidelines of promoting uniformity in sentencing. *See United States v. Booker*, 543 U.S. 220, 246 (2005) (noting Congress' intent of the Guidelines was to increase uniformity of sentencing). Second, although a literal match of the definition is not required when comparing the guidelines' definitions, it must cover the same conduct. *See United States v. Garth*, 965 F.3d 493, 496 (6th Cir. 2020). Extortion covers obtaining something of value from another; robbery does not. They do not criminalize the same conduct.

Ohio robbery without a specified predicate theft offense does not meet the definition of extortion in the Guidelines.

IV. **An Ohio robbery conviction with no specified predicate theft offense is not generic robbery.**

The government appears to suggest this Court should define generic robbery to include every state robbery statute even if it is an outlier. (Dkt. 45: Govt. Suppl. Br., PageID 28-34). The law disagrees. Well-established law says that a generic definition "is found by surveying how the crime is described across jurisdictions, as well as consulting sources such as the Model Penal Code." *United States v. Rede-Mendez*, 680 F.3d 552, 556 (6th Cir. 2012)(citing *Taylor v. United States*, 495 U.S. 575, 598 (1990)). The majority of robbery statutes require a mens rea of more than recklessness. *See United States v. Beard*, No. 22-3398, 2023 WL 4230048, at *3 (6th Cir. May 22, 2023) (citing 1 Wayne R. LaFave, *Substantive Criminal Law* § 20.3(e) (3d ed. 2022) (surveying state "robbery statutes which expressly state that the force must be used for the purpose of committing the theft" and those which take "the position that a reckless infliction of harm will suffice"); Brief for the United States, *Borden v. United States*, No. 19-5410, n.3 (U.S. June 8, 2020), *available at* 2020 WL 4455245 *18 (the government's own survey of state robbery statutes show most require a mens rea of recklessness). This Court has already recognized, in a published opinion, that Ohio § 2911.02(A)(2) robbery requires no mens rea. *United*

9

*States v. Butts*, 40 F.4th 766, 771 (6th Cir. 2022) ("if a defendant inflicts physical harm while committing a theft in Ohio, the defendant commits robbery, even if the harm was inflicted without a mens rea."). Ohio's robbery statute is an outlier of state law robbery and does not meet the definition of generic robbery.

V. **This Court should decline to revisit aggravated robbery at this stage.**

The government now asks this Court to revisit its published opinion in *Ivy*, 93 F.4th 937. This Court should decline to do so. First, the government had the opportunity to seek en banc review after *Ivy* was decided if it felt *Ivy* was inconsistent with *Carter*. It chose not to do so, and this Court should find it has forfeited the right to seek further review. Second, the case law does not support the government's position on aggravated robbery. The government argues that "Section 2911.01(A)(1) aggravated robbery cannot be committed without also committing Section 2911.02(A)(2) robbery, and because Section 2911.02(A)(2) robbery cannot be committed without also committing Section 2913.02 theft, Section 2913.02(A) theft is therefore also a lesser included offense of aggravated robbery." (*See* Dkt. 45: Govt. Br., PageID 37). As discussed above, the government's logic is flawed.

Robbery under § 2911.02 does not require theft under § 2913.02(A). The government acknowledges that it is aware of at least one § 2911.01(A)(1) aggravated-robbery case that is not predicated on § 2913.02 theft and therefore does not require obtaining or attempting to obtain something of value from another. (Dkt. 45: Govt.

Br., PageID 18). The government concedes that cases "in this category would not qualify as Guidelines extortion." (Dkt. 45: Govt. Br., PageID 18). Because this Court and Ohio State Courts have identified ways to commit aggravated robbery without committing a § 2913.02 theft offense, Ohio aggravated robbery does not meet the definition of extortion. *See Brown*, No. 22-3470, 2024 WL 778119, at *2 (identifying state court cases where the court acknowledges aggravated robbery need not be predicated on a theft offense requiring the taking of something of value from another).

This Court should decline to revisit its decision in *Ivy*.

Respectfully submitted,
STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928

/s/ CATHERINE ADINARO SHUSKY
Attorney at Law
Ohio Bar: 0088731
Office of the Federal Public Defender
1660 W.2nd Street, Suite 750
Cleveland, Ohio 44113
Phone: 216-522-4856; Fax: 216- 522-4321
cathi_shusky@fd.org

# CERTIFICATE OF SERVICE AND CONFORMITY

1. I certify that on October 28, 2024, a copy of Appellant Tyren Cervenak Supplemental Reply Brief was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

2. This brief complies with the 14-page limitation set by the Court in the briefing schedule. (Dkt. 41).

*/s/ Catherine Adinaro Shusky*
CATHERINE ADINARO SHUSKY

Attorney for Tyren Cervenak
